WATKINS, Judge
(dissenting).
I am of the opinion that there was never a meeting of the minds between the three parties involved directly or indirectly in the sublease, Baker, Danny’s, and Allen. The letter that furnishes evidence of the sublease was addressed by Allen to Danny’s not to Baker. The sole indication that Baker was a party to the agreement is a handwritten notation affixed to the bottom of the letter by A.T. Furr of Baker that' Allen agreed to the sublease for only one sublease period, that ending September 30, 1982.
Allen conditioned his letter to Danny’s upon Danny's agreeing to exercise on behalf of Allen the second 5-year option in accordance with the terms of the principal lease.
It obviously was never intended by Allen that Baker could condition the sublease on there being no possibility of exercising the second option. That condition, even if it were made known to Allen, which is doubtful, constituted a counteroffer, as it was not set forth in terms of the original sublease letter from Allen to Danny’s. LSA-C.C. art. 1805. The counter-offer was never accepted by Allen.
Hence, Allen leased the property only on a month-to-month basis, there having been no contract between Allen and Baker.
The letter which indicates there was an “agreement to sublease” is the letter from Allen to Danny’s to which Baker was not a party, and the note by A.T. Furr of Baker which is affixed to the bottom of the letter, adverted to above, is purely self-serving and lacking in any concurrence by Allen.
I, therefore, respectfully dissent.